United States District Court
Southern District of Texas

**ENTERED**

April 25, 2024

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| Patsy E. Carmon and Kimberlee Carmon, | § § § § | |
| *Plaintiffs,* | § § | Case No. 4:22-cv-03534 |
| v. | § § § | |
| Carrington Mortgage Services, LLC, | § § § | |
| *Defendant.* | § § § | |

## MEMORANDUM AND RECOMMENDATION TO
## DENY MOTION FOR DEFAULT JUDGMENT

In their objections to the Court's prior order modifying the scheduling order, Plaintiffs Patsy E. Carmon and Kimberlee Carmon (the "Carmons") embedded a request for entry of default judgment. *See* Dkt. 34 at 1. The Carmons complain that Defendant Carrington Mortgage Services, LLC failed to timely serve its answer to the amended complaint, even though Carrington timely filed it with the Court.[1] Dkt. 26 (answer filed January 18, 2024); *see also* Dkt. 23 (extending answer deadline that date). Carrington responds that its counsel inadvertently failed to send a copy of the answer to the Carmons

---

[1] The rest of the Carmons's brief raises allegations about the merits of their claims. Those contentions provide no basis for default judgment nor any other disposition at this stage.

and was alerted to the issue on January 31, 2024.  Dkt. 37 at 2.  Carrington then remedied its prior lack of service.  *See id.*

Under these circumstances, Carmons are not entitled to a default judgment.  "Because of the seriousness of a default judgment ... federal courts should not be agnostic with respect to the entry of default judgments, which are 'generally disfavored in the law' and thus 'should not be granted on the claim, without more, that the defendant had failed to meet a procedural requirement.'"  *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000) (quoting *Mason & Hanger-Silas Mason Co. v. Metal Trades Council*, 726 F.2d 166, 168 (5th Cir. 1984)).  Instead, courts also consider whether "the defendant acted expeditiously to correct the default."  *Id.* (internal quotation marks omitted).

Here, Carrington had already appeared in this case, prevailing in part on its motion to dismiss the Carmons' original claims.  *See* Dkt. 25 (adopting Dkt. 19).  Carrington also timely filed its answer to the amended complaint.  Dkt. 29.  And the lack of service was promptly rectified once Carrington realized its omission.  Default judgment is therefore inappropriate.

Accordingly, it is **RECOMMENDED** that the Carmons' request for default judgment (Dkt. 34 at 1) be **DENIED**.

Signed on April 25, 2024, at Houston, Texas.

_____
Yvonne Y. Ho
United States Magistrate Judge